UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

N.P.V. REALTY CORPORATION,
etc.,

      Plaintiff,

v.                                  CASE NO.  8:11-CV-1121-T-17TBM

NATIONWIDE MUTUAL INSURANCE
COMPANY, et al.,

      Defendants.

_____/


ORDER

This cause is before the Court on:

Dkt. 13    Motion to Dismiss
Dkt. 20    Opposition

The Second Amended Complaint (Dkt. 12) includes: 1) Count I,
Breach of Contract; 2) Count II, Bad Faith) (Abated); and 3)
Count III, Unfair Claim Settlement Practices (Abated).


In the Second Amended Complaint, Plaintiff alleges that, as
reflected in Exhibit A, Defendants provided "collapse coverage"
if the collapse is caused by hidden insect damage or hidden
decay, that Plaintiff's structural wood framing losses rise to
the level of a collapse loss caused by hidden insects and hidden
decay, that Defendants have breached each of four insuring
agreements by failing to pay the claim, and that as a result of
Defendants' breaches of the four agreements, Plaintiff has
suffered damages.  Plaintiff further alleges that all conditions
precedent have been performed or have occurred.  Plaintiff seeks
compensatory damages for the breaches, including expended repair

Case No. 8:11-CV-1121-T-17TBM

costs, projected and estimated repair costs, relocation expenses
incurred during repairs, including temporary housing and storage
of household personalty, pre-judgment interest, attorney's fees
under Ch. 627.428, Fla. Stat., post-judgment interest, and a jury
trial of issues so triable.

I.  Standard of Review

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must
contain a "short and plain statement of the claim showing that
the pleader is entitled to relief." "[D]etailed factual
allegations" are not required, Bell Atlantic v. Twombly, 550 U.S.
544, 555 (2007), but the Rule does call for sufficient factual
matter, accepted as true, to "state a claim to relief that is
plausible on its face," Id., at 570.  A claim has facial
plausibility when the pleaded factual content allows the court to
draw the reasonable inference that the defendant is liable for
the misconduct alleged. Id., at 556.  Two working principles
underlie Twombly.  First, the tenet that a court must accept a
complaint's allegations as true is inapplicable to threadbare
recitals of a cause of action's elements, supported by mere
conclusory statements. Id., at 555.  Second, only a complaint
that states a plausible claim for relief survives a motion to
dismiss.  Determining whether a complaint states a plausible
claim is context-specific, requiring the reviewing court to draw
on its experience and common sense. Id., at 556.  A court
considering a motion to dismiss may begin by identifying
allegations that, because they are mere conclusions, are not
entitled to the assumption of truth.  While legal conclusions can
provide the complaint's framework, they must be supported by
factual allegations.  When there are well-pleaded factual

2

Case No. 8:11-CV-1121-T-17TBM

allegations, a court should assume their veracity and then
determine whether they plausibly give rise to an entitlement to
relief.  See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1955-1956
(2009)(quoting Bell Atlantic v. Twombly, 550 U.S. 544 (2007).
Conclusory allegations, unwarranted deductions of facts or legal
conclusions masquerading as facts will not prevent dismissal
under Rule 12(b)(6).  Aldana v. Del Monte Fresh Produce, N.A.,
416   F.3d 1242, 1246 (11th Cir. 2005).  A complaint must be
dismissed if the facts as pled do not state a claim for relief
that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578
F.3d 1252, 1260 (11th Cir. 2009)(citing Ashcroft, 129 S.Ct. at
1950).

II.  Motion to Dismiss

     Defendants move to dismiss because Plaintiff has not alleged
a plausible claim under the terms of the insurance policy, and
the insurance policy contradicts other allegations made by
Plaintiff in the Second Amended Complaint.  Defendants argue that
Plaintiff's loss must satisfy the policy definition of "collapse
coverage" as stated in the policy endorsement entitled "Changes
in Collapse Coverage" (Endorsement "Fire 3252 (11-95)") which
provides a highly restrictive definition of "Collapse."
Defendants argue that the factual allegations of the Second
Amended Complaint are inconsistent with policy definition.

     Defendants further argue that Plaintiff has not and cannot
allege a set of facts establishing coverage for "collapse" under
the terms of the policy.  Plaintiff's Notice to Defendants was
incorporated into the Second Amended Complaint as Exhibit B, and
alleges that the "structural wood damage" which "apparently was

3

Case No. 8:11-CV-1121-T-17TBM

caused primarily by termites and occurred gradually over a period
of time possibly bringing it within the scope of the policies."
(Par. 4).  Defendants argue that the only other factual
allegation in the Second Amended Complaint as to damage is that
"Plaintiff's loss consists of significant termite and water rot
damage to each of the buildings." (Par. 7).

    Defendants argue that Plaintiff's allegation that
"Plaintiff's structural wood framing losses rise to a level of a
collapse loss caused by hidden insects and decay" is a legal
conclusion that Plaintiff's loss meets the definition of
"collapse" under the policy, and as such, the conclusory
statement is not admitted as true. Berry v. Coleman, 172 Fed.
Appx. 929, 932 (11th Cir. 2006)("conclusory allegations and
unwarranted deductions of fact are not admitted as true").
Defendants argue that the condition described by Plaintiff is far
short of an "abrupt falling down" of a building or part of a
building required to trigger coverage for "collapse" under the
policy.  Defendants argue that Plaintiff's statement that
"structural wood framing losses" constitute a "collapse" is not
to be taken as true for the purposes of this Motion to Dismiss.

    Defendants further argue that the implausibility of
Plaintiff's claim is evident from Plaintiff's inability to state
when the "collapse" occurred.

    Defendants further argue that Plaintiff does not allege that
the "collapse" occurred during any of the policy periods
referenced in paragraphs 2 and 3 of the Second Amended Complaint,
and therefore Plaintiff has not alleged one of the necessary
factual prerequisites to a claim predicated upon a covered loss

4

Case No. 8:11-CV-1121-T-17TBM

under a policy of insurance, that the loss occurred during the
policy term.

Defendants further argue that Plaintiff cannot allege a set
of facts under which Plaintiff is entitled to recover for any
loss or damage which was not a "collapse."   The policy covers
direct physical loss or damage which constitutes a "collapse"
caused by hidden decay and vermin damage, but the policy excludes
loss or damage which does not constitute a collapse which is
caused by termites, decay and rot.  Defendants argue that
Plaintiff's claim for relief for damage caused by termites, rot
or decay is contradicted by the attachment to the Second Amended
Complaint which establishes that there is no coverage for loss or
damage caused by those perils.

III.  Response

Plaintiff responds that Defendants do not argue that
Plaintiff has not pleaded the elements of breach of contract
under Florida law, but instead has argued that Plaintiff's claim
is not plausible based on: 1) the Policy terms; 2) Plaintiff's
failure to allege and inability to allege a set of facts
establishing coverage for "collapse" under the terms of the
policy; 3) Plaintiff's failure to allege and inability to allege
a set of facts under which Plaintiff is entitled to recover for
any loss or damage which was not a "collapse."

Plaintiff argues that Plaintiff has included sufficient
factual allegations in the Second Amended Complaint to overcome
dismissal under Rule 12(b)(6).  Plaintiff further argues that the
Court may consider Plaintiff's notice of claim, Exhibit B

5

Case No. 8:11-CV-1121-T-17TBM

attached to the Second Amended Complaint, only if the notice is central to Plaintiff's claims.  Plaintiff further argues that, while Plaintiff recognizes that it will ultimately be bound by the terms and conditions of the policies, including any exclusions, as those terms, conditions and exclusions are ultimately interpreted by the Court at an appropriate stage, Defendants cannot rely on the Policy language as a basis for dismissal.

IV. Discussion

     The Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom.  In analyzing the sufficiency of the complaint, the Court's consideration is limited to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed.  La Grasta v. First Union Securities, Inc., 358 F.3d 840, 845-846 (11th Cir. 2004) (citing Harris v. Ivax, 182 F.3d 799, 802 & n. 2 (11th Cir. 1999)).

A.   Documents attached to Second Amended Complaint

     Fed. R. Civ. P. 10(c) provides:

     **(c) Adoption by Reference; Exhibits.**  A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion.  A copy of a written instrument that is an exhibit to a pleading is apart of the pleading for all purposes.

Plaintiff attached the notice of Plaintiff's claim for structural

6

Case No. 8:11-CV-1121-T-17TBM

wood damage dated October 28, 2010 to the Second Amended
Complaint, which contains the allegation "The structural damage
apparently was caused primarily by termites and occurred
gradually over a period of time possibly bringing it within the
scope of the above policies."

In this Circuit, "when the exhibits contradict the general
and conclusory allegations of the pleading, the exhibits govern."
Crenshaw v. Lister, 556 F.3d 1283, 1292 (11th Cir. 2009).  Where
a plaintiff attaches documents and relies on the documents to
form the basis for a claim or part of a claim, dismissal is
appropriate if the document negates the claim.

The Policy at issue is attached to Plaintiff's Second
Amended Complaint.  The Policy defines the term "collapse":

> **ADDITIONAL COVERAGE - COLLAPSE**
>
> The term Covered Cause of Loss includes the
> Additional Coverage - Collapse as described
> and limited in a. through e. below.
>
> a.  With respect to buildings:
>
> (1) Collapse means an abrupt falling down or
> caving in of a building or any part of a
> building with the result that the building or
> part of the building cannot be occupied for
> its intended purpose.
>
> (2) A building or any part of a building that
> is in imminent danger of collapse is not
> considered to be in a state of collapse.
>
> (3) A building that is standing or any part
> of a building that is standing is not
> considered to be in a state of collapse even
> if it:

Case No. 8:11-CV-1121-T-17TBM

> (a) Has separated from another part
> of a building; or
>
> (b) Shows evidence of decay, insect
> or vermin damage, cracking,
> bulging, sagging, bending, leaning,
> settling, shrinkage or expansion.

> b.   We will pay for direct physical loss or
> damage to Covered Property caused by collapse
> of a building or any part of a building under
> this Coverage Form, if the collapse is caused
> by 1 or more of the following:
>
> (1) Fire, lightning; explosion; windstorm or
> hail; smoke, aircraft or vehicles; riot or
> civil commotion; vandalism; leaking from fire
> extinguishing equipment; sinkhole collapse;
> volcanic action; breakage of building glass;
> falling objects; weight of snow, ice or
> sleet; water damage; all only as insured
> against in this Coverage Part;
>
> (2) Decay hidden from view, unless the
> presence of such decay was known to an
> insured prior to collapse;
>
> (3) Insect or vermin damage hidden from view,
> unless the presence of such damage was known
> to an insured prior to collapse.
>
> . . . . .

(Dkt. 12-1, p. 12).

Plaintiff has identified the structural damage as damage
that occurred gradually over a period of time, but the Policy at
issues covers direct physical loss or damage to Covered Property
caused by collapse of a building or any part of a building, that
is, direct physical loss or damage to Covered Property caused by
an "abrupt falling down or caving in" caused by hidden insect

8

Case No. 8:11-CV-1121-T-17TBM

damage.  The factual allegation of the notice controls over the
conclusory allegations of the Complaint, and given the language
of the Policy which is attached to the Complaint, renders
Plaintiff's claim implausible.  It is not enough to plead the
bare elements of a breach of contract claim; Plaintiff must
include some supporting facts.

The notice to Defendant is dated October 28, 2010.  The
Court takes judicial notice of a previous case relating to
termite damage at the same address, 3132 W. Lambright Ave.,
Tampa, FL, 33614, Case No. 8:04-CV-1871-T-17MSS, Mt. Nobscot
Realty Corp. et al. v. The Hanover Insurance Company, which was
filed on 8/16/2004.  The prior case establishes Plaintiff's
knowledge of termite damage in 2004.

After consideration, the Court grants the Motion to Dismiss
(Dkt. 13), with leave to file an amended complaint.  Accordingly,
it is

**ORDERED** that Defendants' Motion to Dismiss (Dkt. 13) is
**granted**, with leave to file an amended complaint within fourteen
days.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this
day of October, 2011.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

9