```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

N.P.V. REALTY CORPORATION,
etc.,

       Plaintiff,

v.                        CASE NO. 8:11-CV-1121-T-17TBM

NATIONWIDE MUTUAL INSURANCE
COMPANY, et al.,

       Defendants.

_____/


## ORDER

This cause is before the Court on:

   Dkt. 13    Motion to Dismiss
   Dkt. 20    Opposition

The Second Amended Complaint (Dkt. 12) includes: 1) Count I, Breach of Contract; 2) Count II, Bad Faith) (Abated); and 3) Count III, Unfair Claim Settlement Practices (Abated).

In the Second Amended Complaint, Plaintiff alleges that, as reflected in Exhibit A, Defendants provided "collapse coverage" if the collapse is caused by hidden insect damage or hidden decay, that Plaintiff's structural wood framing losses rise to the level of a collapse loss caused by hidden insects and hidden decay, that Defendants have breached each of four insuring agreements by failing to pay the claim, and that as a result of Defendants' breaches of the four agreements, Plaintiff has suffered damages. Plaintiff further alleges that all conditions precedent have been performed or have occurred. Plaintiff seeks compensatory damages for the breaches, including expended repair

Case No. 8:11-CV-1121-T-17TBM

costs, projected and estimated repair costs, relocation expenses incurred during repairs, including temporary housing and storage of household personalty, pre-judgment interest, attorney's fees under Ch. 627.428, Fla. Stat., post-judgment interest, and a jury trial of issues so triable.

I. Standard of Review

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," Id., at 570.  A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556.  Two working principles underlie Twombly.  First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Id., at 555.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. Id., at 556.  A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.  When there are well-pleaded factual

2

Case No. 8:11-CV-1121-T-17TBM

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1955-1956 (2009)(quoting Bell Atlantic v. Twombly, 550 U.S. 544 (2007). Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal under Rule 12(b)(6). Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1246 (11th Cir. 2005). A complaint must be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009)(citing Ashcroft, 129 S.Ct. at 1950).

II. Motion to Dismiss

Defendants move to dismiss because Plaintiff has not alleged a plausible claim under the terms of the insurance policy, and the insurance policy contradicts other allegations made by Plaintiff in the Second Amended Complaint. Defendants argue that Plaintiff's loss must satisfy the policy definition of "collapse coverage" as stated in the policy endorsement entitled "Changes in Collapse Coverage" (Endorsement "Fire 3252 (11-95)") which provides a highly restrictive definition of "Collapse." Defendants argue that the factual allegations of the Second Amended Complaint are inconsistent with policy definition.

Defendants further argue that Plaintiff has not and cannot allege a set of facts establishing coverage for "collapse" under the terms of the policy. Plaintiff's Notice to Defendants was incorporated into the Second Amended Complaint as Exhibit B, and alleges that the "structural wood damage" which "apparently was

3

Case No. 8:11-CV-1121-T-17TBM

caused primarily by termites and occurred gradually over a period of time possibly bringing it within the scope of the policies." (Par. 4). Defendants argue that the only other factual allegation in the Second Amended Complaint as to damage is that "Plaintiff's loss consists of significant termite and water rot damage to each of the buildings." (Par. 7).

Defendants argue that Plaintiff's allegation that "Plaintiff's structural wood framing losses rise to a level of a collapse loss caused by hidden insects and decay" is a legal conclusion that Plaintiff's loss meets the definition of "collapse" under the policy, and as such, the conclusory statement is not admitted as true. Berry v. Coleman, 172 Fed. Appx. 929, 932 (11th Cir. 2006)("conclusory allegations and unwarranted deductions of fact are not admitted as true"). Defendants argue that the condition described by Plaintiff is far short of an "abrupt falling down" of a building or part of a building required to trigger coverage for "collapse" under the policy. Defendants argue that Plaintiff's statement that "structural wood framing losses" constitute a "collapse" is not to be taken as true for the purposes of this Motion to Dismiss.

Defendants further argue that the implausibility of Plaintiff's claim is evident from Plaintiff's inability to state when the "collapse" occurred.

Defendants further argue that Plaintiff does not allege that the "collapse" occurred during any of the policy periods referenced in paragraphs 2 and 3 of the Second Amended Complaint, and therefore Plaintiff has not alleged one of the necessary factual prerequisites to a claim predicated upon a covered loss

4

Case No. 8:11-CV-1121-T-17TBM

under a policy of insurance, that the loss occurred during the policy term.

Defendants further argue that Plaintiff cannot allege a set of facts under which Plaintiff is entitled to recover for any loss or damage which was not a "collapse." The policy covers direct physical loss or damage which constitutes a "collapse" caused by hidden decay and vermin damage, but the policy excludes loss or damage which does not constitute a collapse which is caused by termites, decay and rot. Defendants argue that Plaintiff's claim for relief for damage caused by termites, rot or decay is contradicted by the attachment to the Second Amended Complaint which establishes that there is no coverage for loss or damage caused by those perils.

III. Response

Plaintiff responds that Defendants do not argue that Plaintiff has not pleaded the elements of breach of contract under Florida law, but instead has argued that Plaintiff's claim is not plausible based on: 1) the Policy terms; 2) Plaintiff's failure to allege and inability to allege a set of facts establishing coverage for "collapse" under the terms of the policy; 3) Plaintiff's failure to allege and inability to allege a set of facts under which Plaintiff is entitled to recover for any loss or damage which was not a "collapse."

Plaintiff argues that Plaintiff has included sufficient factual allegations in the Second Amended Complaint to overcome dismissal under Rule 12(b)(6). Plaintiff further argues that the Court may consider Plaintiff's notice of claim, Exhibit B

Case No. 8:11-CV-1121-T-17TBM

attached to the Second Amended Complaint, only if the notice is central to Plaintiff's claims. Plaintiff further argues that, while Plaintiff recognizes that it will ultimately be bound by the terms and conditions of the policies, including any exclusions, as those terms, conditions and exclusions are ultimately interpreted by the Court at an appropriate stage, Defendants cannot rely on the Policy language as a basis for dismissal.

IV. Discussion

The Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. In analyzing the sufficiency of the complaint, the Court's consideration is limited to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Securities, Inc., 358 F.3d 840, 845-846 (11th Cir. 2004) (citing Harris v. Ivax, 182 F.3d 799, 802 & n. 2 (11th Cir. 1999)).

A. Documents attached to Second Amended Complaint

Fed. R. Civ. P. 10(c) provides:

> **(c) Adoption by Reference; Exhibits.** A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is apart of the pleading for all purposes.

Plaintiff attached the notice of Plaintiff's claim for structural

6

Case No. 8:11-CV-1121-T-17TBM

wood damage dated October 28, 2010 to the Second Amended Complaint, which contains the allegation "The structural damage apparently was caused primarily by termites and occurred gradually over a period of time possibly bringing it within the scope of the above policies."

In this Circuit, "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." Crenshaw v. Lister, 556 F.3d 1283, 1292 (11th Cir. 2009). Where a plaintiff attaches documents and relies on the documents to form the basis for a claim or part of a claim, dismissal is appropriate if the document negates the claim.

The Policy at issue is attached to Plaintiff's Second Amended Complaint. The Policy defines the term "collapse":

> **ADDITIONAL COVERAGE - COLLAPSE**
>
> The term Covered Cause of Loss includes the Additional Coverage - Collapse as described and limited in a. through e. below.
>
> a. With respect to buildings:
>
> (1) Collapse means an abrupt falling down or caving in of a building or any part of a building with the result that the building or part of the building cannot be occupied for its intended purpose.
>
> (2) A building or any part of a building that is in imminent danger of collapse is not considered to be in a state of collapse.
>
> (3) A building that is standing or any part of a building that is standing is not considered to be in a state of collapse even if it:

7

Case No. 8:11-CV-1121-T-17TBM

>> (a) Has separated from another part of a building; or
>>
>> (b) Shows evidence of decay, insect or vermin damage, cracking, bulging, sagging, bending, leaning, settling, shrinkage or expansion.
>
> b. We will pay for direct physical loss or damage to Covered Property caused by collapse of a building or any part of a building under this Coverage Form, if the collapse is caused by 1 or more of the following:
>
> (1) Fire, lightning; explosion; windstorm or hail; smoke, aircraft or vehicles; riot or civil commotion; vandalism; leaking from fire extinguishing equipment; sinkhole collapse; volcanic action; breakage of building glass; falling objects; weight of snow, ice or sleet; water damage; all only as insured against in this Coverage Part;
>
> (2) Decay hidden from view, unless the presence of such decay was known to an insured prior to collapse;
>
> (3) Insect or vermin damage hidden from view, unless the presence of such damage was known to an insured prior to collapse.
>
> .....

(Dkt. 12-1, p. 12).

Plaintiff has identified the structural damage as damage that occurred gradually over a period of time, but the Policy at issues covers direct physical loss or damage to Covered Property caused by collapse of a building or any part of a building, that is, direct physical loss or damage to Covered Property caused by an "abrupt falling down or caving in" caused by hidden insect

8

Case No. 8:11-CV-1121-T-17TBM

damage. The factual allegation of the notice controls over the conclusory allegations of the Complaint, and given the language of the Policy which is attached to the Complaint, renders Plaintiff's claim implausible. It is not enough to plead the bare elements of a breach of contract claim; Plaintiff must include <u>some</u> supporting facts.

The notice to Defendant is dated October 28, 2010. The Court takes judicial notice of a previous case relating to termite damage at the same address, 3132 W. Lambright Ave., Tampa, FL, 33614, Case No. 8:04-CV-1871-T-17MSS, Mt. Nobscot Realty Corp. et al. v. The Hanover Insurance Company, which was filed on 8/16/2004. The prior case establishes Plaintiff's knowledge of termite damage in 2004.

After consideration, the Court grants the Motion to Dismiss (Dkt. 13), with leave to file an amended complaint. Accordingly, it is

**ORDERED** that Defendants' Motion to Dismiss (Dkt. 13) is **granted,** with leave to file an amended complaint within fourteen days.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 17th day of October, 2011.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record